<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TALIB A. RASHEED, | Civil Action No. 09-5605 (WJM) |
| Plaintiff, | |
| v. | |
| GLEN RIDGE BOARD OF EDUCATION, | **<u>REPORT AND RECOMMENDATION</u>** |
| Defendant. | |

<u>F</u><span>ALK</span>, U.S.M.J.

This matter comes before the Court on Defendant Glen Ridge Board of Education's motion to dismiss Plaintiff's amended complaint with prejudice for failure to provide discovery and comply with court orders [CM/ECF No. 12]. The motion is unopposed. The Honorable William J. Martini, U.S.D.J., referred the motion for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is respectfully recommended that Plaintiff's motion to dismiss should be **granted**.

## I.  Background

Plaintiff Talib A. Rasheed, proceeding <u>pro se</u>, brings suit for employment discrimination under Title VII of the Civil Rights Act of 1964, 78 Stat. 241, 253, as amended, 42 U.S.C. § 2000e <u>et seq.</u> (2006). Plaintiff commenced this action on or about November 4, 2009, after the U.S. Equal Employment Opportunity Commission dismissed his charge against Defendant Glen Ridge Board of Education for discrimination (Compl. ¶ 8 [CM/ECF No. 1]). An amended complaint was filed on November 10, 2009 (Am. Compl.

[CM/ECF No. 2]). Both the original and amended complaint list Plaintiff's residence as "477 South 18th Street, Newark, N.J." (Compl. 1; Am. Compl. 1).

Included along with Plaintiff's original complaint was an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application was denied by the Honorable William J. Martini, U.S.D.J., on November 10, 2009 [CM/ECF No. 3]. The case was administratively terminated on November 19, 2009, presumably because the mandatory $350 filing fee imposed by 28 U.S.C. § 1914(a) had not been paid. See Brown v. Brown, 240 Fed. Appx. 1001, 1001-02 (3d Cir. 2007) (citing L. Civ. R. 54.3(a)); see also L. Civ. R. app. K. Plaintiff paid the filing fee on December 7, 2009, and requested in writing that his civil case remain open (Letter from Talib A. Rasheed, dated December 9, 2009 ("Pl.'s Dec. 9 Letter") [CM/ECF No. 4]). The letter identified Plaintiff's address again as "477 South 18th St., Newark, N.J. 07103" (Pl.'s Dec. 9 Letter, at 1). The case was reopened by the Clerk of the Court on December 10, 2009.

After a period of inactivity, the Court issued a Notice of Call for Dismissal pursuant to Local Civil Rule 41.1 on April 14, 2010 (Notice of Call for Dismissal Pursuant to Local 41.1 [CM/ECF No. 6]). The notice directed Plaintiff, among other things, to "show good cause in writing why this action should not be dismissed for lack of prosecution" (Notice of Call for Dismissal 1). In a letter dated April 26, 2010, attaching a proof of service dated April 27, 2010, Plaintiff requested that his action remain open because the summons was recently returned executed as to Defendant (Letter from Talib A. Rasheed, dated April 26, 2010 ("Pl.'s April 26 Letter") [CM/ECF No. 8]). The server identified in the proof of service provided his address as "477 So. 18th Street, NWK, NJ 07103" (Pl.'s April 26 Letter, at 1). Defendant promptly answered the complaint on May 14, 2010 [CM/ECF No. 9].

On July 26, 2010, this Court entered a Scheduling Order requiring that the parties conclude all discovery in the case by November 26, 2010 (Scheduling Order ¶ 1 [CM/ECF No. 11]). The court order also warned that "[n]o motion to compel discovery or to resolve a discovery dispute shall be entertained unless the motion is filed not later than the date for completion of discovery." (Scheduling Order ¶ 2).

Counsel for Defendant served Plaintiff with a set of interrogatories and a document demand on September 3, 2010, by way of regular mail and certified mail, return receipt requested, to Plaintiff's Newark address listed on the record and reflected in past correspondence (Notice of Mot. to Dismiss Pl.'s Am. Compl. with Prej. Pursuant to Fed. R. Civ. P. 37 Attach. 2 ("Mesce Aff.") Ex. H). On October 25, 2010, the parcel sent by certified mail was returned as "UNCLAIMED" (Mesce Aff. ¶ 9). Counsel for Defendant followed up with another letter, dated October 27, 2010, by regular and certified mail advising Plaintiff that his responses were overdue and warning that "continued non-compliance with these discovery obligations will result in the filing of a motion without further attempt to resolve this matter" (Mesce Aff. Ex. K). The October 27 letter also noticed Plaintiff for deposition on November 10, 2010, at the offices of defense counsel, and asked that Plaintiff contact counsel for Defendant one day prior to the deposition to confirm his attendance (Mesce Aff. Ex. K). The certified mailing was received and signed for by someone other than Plaintiff (Mesce Aff. ¶ 17). Plaintiff did not contact counsel for Defendant on November 9, 2010, and failed to appear for his deposition on the following day (Mesce Aff. ¶ 17). To date, counsel for Defendant has received no answer or response to either discovery request contained in the September 3, 2010, letter (Mesce Aff. ¶ 11).

On November 22, 2010, Defendant filed the instant motion to dismiss Plaintiff's

complaint with prejudice for his failure to provide discovery and comply with court orders [CM/ECF No. 12]. The Court has not received any opposition to this motion from Plaintiff.

## II. Analysis

It is well-established that district courts hold inherent authority to control the conduct of those that appear before it. See Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). Indeed, the Court may dismiss an action for failure to prosecute. See Marshall v. Sielaff, 492 F.2d 917, 918 (3d Cir. 1974) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)). The Federal Rules of Civil Procedure (the "Rules") identify dismissal as an appropriate penalty for other forms of dilatory pre-trial conduct. Rule 16(f)(1)(C) permits the Court to issue orders "as are just, and among others any of the orders provided in Rule 37(b)(2)(A)(ii)–(vii)" if a party fails to obey a pretrial scheduling order. Fed. R. Civ. P. 16(f)(1)(C). Similarly, the Court is authorized to sanction a party who does not respond to a discovery request or appear at its own deposition with "any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)." Fed. R. Civ. P. 37(d)(3). Subsection (v) of Rule 37(b)(2)(A), in turn, provides that an appropriate sanction may include the entry of an order "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). The decision to dismiss a party's pleading rests within the Court's sound discretion. See Bowers v. Nat'l Coll. Athletic Assoc., 475 F.3d 524, 538 (3d Cir. 2007) (citing Nat'l Hockey League v. Metro. Hockey Club, 427 U.S. 639 (1976) (per curiam)).

In Poulis v. State Farm & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the U.S. Court of Appeals for the Third Circuit enumerated a list of six factors that a court must balance when deciding whether to impose an involuntary order of dismissal. The Third Circuit has subsequently endorsed use of the six-factor Poulis test to determine if dismissal is an

appropriate sanction for failure to comply with discovery demands and for failure to prosecute. See Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683, 696 (3d Cir. 1988) (failure to comply with discovery requests); Scarborough v. Eubanks, 747 F.2d 871, 874-75 (3d Cir. 1984) (want of prosecution). The Poulis factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis, 747 F.2d at 868. No single Poulis factor is determinative and dismissal may be appropriate even if some of the factors are not met. See Mindel v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992); Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

While the Court is generally required to engage in a full analysis of the Poulis factors, in extreme circumstances it is not necessary prior to the dismissal of a party's pleading. See, e.g., Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994) (no balancing necessary when a party willfully abandons its case); Sebrell ex rel. Sebrell v. Philadelphia Police Dept., 159 Fed. Appx. 371, 373-74 (3d Cir. 2005) ("[W]hen a litigant's conduct makes the adjudication of the case impossible . . . balancing under Poulis is unnecessary."). Although the history here reflects that Plaintiff has willfully abandoned this case, the Court will address each Poulis factor as they pertain to this matter in the interest of completeness.

1.    Plaintiff's Personal Responsibility.

Plaintiff appears in this case pro se. Unlike the situation where a party acts in concert with an attorney representative, Plaintiff is solely responsible for the progress of this case. See Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008) (citing Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002)). It is Plaintiff's responsibility to timely respond to

discovery requests and correspondence sent to him by opposing counsel. If Plaintiff has changed residence, it is incumbent upon him to at least notify the Court of his change in living arrangements. Plaintiff is solely responsible for the failures to comply in this case.

      2.    <u>Prejudice to the Defendant.</u>  Plaintiff's refusal to respond to discovery requests has significantly prejudiced Defendant. Defendant has not been provided with even the most elementary discovery. This makes it impossible for Defendant to assess Plaintiff's rudimentary form complaint and prepare a defense. Moreover, the discovery end date has now passed. Plaintiff's complete failure to provide discovery has caused genuine prejudice to the Defendant.

      3.    <u>History of Dilatoriness.</u>  Plaintiff has exhibited a history of dilatoriness from the outset of this lawsuit. In fact, Plaintiff has taken almost no action in this case whatsoever. The only actions taken by Plaintiff after instituting suit, as reflected on the record, are two requests to keep the case open following periods of his own inactivity. Discovery requests were served in September of 2010 and remain unanswered. If Plaintiff was unable to comply then "a timely request for an extension should [have] been made." <u>Poulis</u>, 747 F.2d at 868. Plaintiff has never requested an extension, despite having approximately four (4) months to do so. Indeed, there has been no contact from Plaintiff since April of last year.

      4.    <u>Willfulness or Bad Faith.</u> There is no evidence of bad faith. However, the Undersigned is satisfied that Plaintiff's conduct has been willful. As set forth <u>supra</u>, counsel for Defendant has made repeated attempts to contact Plaintiff regarding the progress of this case. However, mailings pertinent to this litigation sent to Plaintiff's previously identified address over the past several months have gone "unclaimed." If Plaintiff still resides at the address provided to the Court, his disregard for correspondence related to this case is

unacceptable. If Plaintiff no longer resides at the address provided to the Court, his failure to notify the Court or opposing counsel of his new address is unacceptable. Without any explanation for his noncompliance, Plaintiff's conduct may be construed as willful.

5.      Effectiveness of Alternative Sanctions. The record of noncompliance in this case reveals that alternative sanctions would be fruitless. Plaintiff has ignored this case since its inception. He has failed to remain in contact with the Court or his adversary. Plaintiff's apparent abandonment of the case, coupled with his refusal to obey basic court orders, demonstrates that no less drastic sanction, such as a monetary penalty, would result in an appropriate response.

6.      Meritoriousness of the Claims. The Court is unable to determine the meritoriousness of Plaintiff's claims.

In sum, Plaintiff has personally disregarded his discovery obligations, ignored court orders, failed to prosecute his case, and failed to oppose this motion. Plaintiff's conduct has made the adjudication of this case impossible. See Sebrell ex rel. Sebrell, 159 Fed. Appx. at 373-74. The Poulis factors weigh heavily in favor of dismissal. For those reasons, the Court believes the appropriate sanction for Plaintiff's conduct is dismissal of his complaint.

### III.  Conclusion

For the foregoing reasons, it is respectfully recommended that Defendant's motion to dismiss Plaintiff's complaint should be **granted**.


 /s/ Mark Falk_____
**MARK FALK**
**United States Magistrate Judge**


Dated: January 3, 2011